<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| A.S.-M., | : | Civil Action No. 24-7245 (SRC) |
|  | : |  |
| Plaintiff, | : |  |
|  | : | OPINION |
| v. | : |  |
|  | : |  |
| COMMISSIONER OF SOCIAL SECURITY, | : |  |
|  | : |  |
| Defendant. | : |  |

<u>**CHESLER, District Judge**</u>

  This matter comes before the Court on the appeal by Plaintiff A.S.-M. ("Plaintiff") of the final decision of the Commissioner of Social Security ("Commissioner") determining that he was not disabled under the Social Security Act (the "Act"). This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g) and, having considered the submissions of the parties without oral argument, pursuant to L. Civ. R. 9.1(b), finds that the Commissioner's decision will be affirmed.

  In brief, this appeal arises from Plaintiff's application for disability insurance benefits, alleging disability beginning September 17, 2018. A hearing was held before ALJ Peter R. Lee (the "ALJ") on November 30, 2022, and the ALJ issued an unfavorable decision on March 20, 2023. Plaintiff sought review of the decision from the Appeals Council. After the Appeals Council denied Plaintiff's request for review, the ALJ's decision became the Commissioner's final decision, and Plaintiff filed this appeal.

1

In the decision of March 20, 2023, the ALJ found that, at step three, Plaintiff did not meet or equal any of the Listings. At step four, the ALJ found that Plaintiff retained the residual functional capacity to perform light work, with certain exertional and nonexertional limitations. At step four, the ALJ also found that Plaintiff was unable to perform any past relevant work. At step five, the ALJ determined, based on the testimony of a vocational expert, that there are jobs existing in significant numbers in the national economy which the claimant can perform, consistent with his medical impairments, age, education, past work experience, and residual functional capacity. The ALJ concluded that Plaintiff had not been disabled within the meaning of the Act.

Plaintiff makes two arguments on appeal: 1) the ALJ's decision at step three is not supported by substantial evidence; and 2) at step four, the residual functional capacity ("RFC") determination is not supported by substantial evidence.

Plaintiff's case on appeal suffers from two principal defects: 1) its failure to deal with the issue of the burden of proof at the first four steps of the sequential evaluation process; and 2) its failure to deal with the harmless error doctrine. As to the burden of proof, Plaintiff bears the burden in the first four steps of the analysis of demonstrating how his impairments, whether individually or in combination, amount to a qualifying disability. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

As to the harmless error doctrine, the Supreme Court explained its operation in a similar procedural context in Shinseki v. Sanders, 556 U.S. 396, 409 (2009), which concerned review of a governmental agency determination. The Court stated: "the burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." Id. In such a case,

"the claimant has the 'burden' of showing that an error was harmful." Id. at 410.

Plaintiff thus bears the burden, on appeal, of showing not merely that the Commissioner erred, but also that the error was harmful. At the first four steps, this requires that Plaintiff also show that, but for the error, she might have proven her disability. In other words, when appealing a decision at the first four steps, if Plaintiff cannot articulate the basis for a decision in her favor, based on the existing record, she is quite unlikely to show that an error was harmful.

Plaintiff first challenges the step three determination that Plaintiff did not meet or equal any of the Listings. The subheading for this section of Plaintiff's brief states:

> PLAINTIFF PRESENTED PERSUASIVE EVIDENCE THAT THE COMBINATION OF HIS PHYSICAL AND MENTAL IMPAIRMENTS WERE EQUIVALENT TO A LISTED IMPAIRMENT BUT THE DECISION NEITHER COMBINES ALL SEVERE IMPAIRMENTS NOR UTILIZES THE SPECIFIC FACTORS FOR ANALYSIS REQUIRED BY THE LISTINGS THEMSELVES

In short, Plaintiff begins with a key assertion that he does not substantiate in the discussion that follows, that he "presented persuasive evidence that the combination of his physical and mental impairments were equivalent to a listed impairment." The brief does not, however, set forth the specific evidence of record that demonstrates equivalence to a specific listed impairment. Instead, the brief discusses how Plaintiff believes the ALJ erred at step three, without setting forth the specific evidence of record that demonstrates equivalence to a specific listed impairment. It is essential for Plaintiff to make such a demonstration in order to establish prejudice under Shinseki: as already discussed, Shinseki gives Plaintiff the burden of proof that an error was harmful. Plaintiff offers detailed discussion of the ALJ's alleged errors, but does not demonstrate that, but for these errors, the evidence would have supported a finding of equivalence to a listed impairment.

3

The Commissioner, in opposition, aptly cites SSR 17-2p, "Evidence Needed by Adjudicators at the Hearings and Appeals Council Levels of the Administrative Review Process to Make Findings about Medical Equivalence," which states:

> At the hearings level or at the AC level when the AC issues its own decision, the adjudicator is responsible for the finding of medical equivalence. The adjudicator must base his or her decision about whether the individual's impairment(s) medically equals a listing on the preponderance of the evidence in the record. To demonstrate the required support of a finding that an individual is disabled based on medical equivalence at step 3, the record must contain one of the following:
>
> 1. A prior administrative medical finding from an MC or PC from the initial or reconsideration adjudication levels supporting the medical equivalence finding, or
>
> 2. ME evidence, which may include testimony or written responses to interrogatories, obtained at the hearings level supporting the medical equivalence finding, or
>
> 3. A report from the AC's medical support staff supporting the medical equivalence finding.

Crucially, Plaintiff's brief fails to point to the specific evidence of record that meets the requirements stated in SSR 17-2p. Plaintiff has failed to demonstrate that he did – as the subheading claimed – present persuasive evidence of medical equivalence to a specific Listing. Without this, this Court cannot conclude that any alleged errors at step three prejudiced Plaintiff, pursuant to Shinseki. Plaintiff discusses Listing 14.09 but does not lay out the specific evidence for a finding that Plaintiff met the criteria for Listing 14.09 or that he presented the evidence required for a finding of medical equivalence under SSR 17-2p.

Next, Plaintiff argues that, at step four, the ALJ did not explain the evidentiary basis for the determination that Plaintiff retains the RFC to perform light work, with certain exertional and nonexertional limitations. The Court has reviewed the ALJ's decision at step four and finds that

4

the ALJ provided sufficient explanation to allow meaningful review of the determination. The ALJ explained that the state agency physicians found that Plaintiff retained the RFC to perform light work. (Tr. 36.) Moreover, as to the limitation to simple and routine tasks, the ALJ clearly explained the evidentiary support in the opinions of Dr. Felensfeld and the state agency consultants. (Tr. 36-37.) Having reviewed the RFC determination at step four, the Court finds that the Commissioner's determination is supported by substantial evidence.

Plaintiff has failed to persuade this Court that the ALJ erred in the decision, or that he was harmed by any errors. Plaintiff has not shown that the ALJ erred, has not shown that the evidence supported a decision in his favor, and has made no demonstration of prejudice as required by Shinseki. This Court finds that the Commissioner's decision is supported by substantial evidence and is affirmed.

    s/ Stanley R. Chesler
STANLEY R. CHESLER, U.S.D.J.

Dated: January 23, 2026